UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWAYNE LEBARR,

    Plaintiff,

v.                                 Case No. 5:21-cv-233-TKW-MJF

FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.,*

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 12. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Dwayne LeBarr (DC# B12553) is a Florida prisoner confined at the Mayo Correctional Institution in Mayo, Florida. LeBarr initiated this lawsuit on November 28, 2021,[2] by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. LeBarr filed his amended complaint on March 11, 2022. Doc. 12.

LeBarr's amended complaint names five Defendants: Mark Inch, the former Secretary of the Florida Department of Corrections ("FDC"); and four prison officials at the Holmes Correctional Institution (T. Childree, J. Bailey, R. Holmes and W. Carlton). Doc. 12 at 1-3.

LeBarr claims that in August 2021, the Defendants violated his rights under the Eighth Amendment when they were deliberately indifferent to a substantial risk that he would be attacked by other inmates due to his homosexuality. *Id*. at 9-16. As relief, LeBarr seeks nominal damages against the Defendants individually, and the following injunctive relief against them in their official capacities:

> An injunction prohibiting the Florida Department of Corrections from housing security threat gang members inmates with knowingly LGBTQ plus inmates.
>
> An order directing the Florida Department of Corrections to develop comprehensive policy to protect LGBTQ plus inmates from preventable harm.

---

[2] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prison mailbox rule).

*Id*. at 17.

## II.   DISCUSSION

**A.   *Screening of LeBarr's Amended Complaint***

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of the *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro*

*se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.**     ***LeBarr's Reponses to Questions on the Complaint Form***

In his amended complaint filed on March 11, 2022, LeBarr provided answers to Section IV of this court's civil rights complaint form, which requires him to disclose his litigation history. Doc. 12 at 5-7. Question IV(A) of the complaint form asks, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" Doc. 12 at 5. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), LeBarr marked "No" and disclosed no cases. *Id.* at 5.

Question IV(B) of the complaint form asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" Doc. 12 at 5. Where there are parenthetical areas to mark either a "Yes" or

"No" answer to Question (B), LeBarr marked "No" and disclosed no cases. *Id*. at 5-6.

Question IV(C) of the complaint form asks, "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Doc. 12 at 6. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), LeBarr marked "No" and disclosed no cases. *Id*. at 6.

Question IV(D) of the complaint form asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." Doc. 12 at 6. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), LeBarr marked "No" and disclosed no cases. *Id*. at 6-7.

At the end of the civil rights complaint form, LeBarr signed his name after the following certification: "**I CERTIFY AND DECLARE, UNDER PENALTY OF PERJURY THAT THE FOREGOING DECLARATION OF CASE AND FACTS ARE TRUE AND CORRECT.**" Doc. 12 at 18. Thus, LeBarr has in effect stated that at the time he filed his amended complaint on March 11, 2022, he had not

initiated any other action in federal court that related to the conditions of his confinement.[3]

**C.    *LeBarr's Omission***

The court takes judicial notice that, at the time LeBarr filed his amended complaint in this case, he had initiated one other lawsuit in federal court that required disclosure. On January 27, 2020, LeBarr filed a civil rights action in the United States District Court for the Middle District of Florida. *See LeBarr v. Reimers, et al.*, Case No. 3:20-cv-00088-HLA-JBT. In that action, LeBarr sued the FDC's Health Services Director and two regional medical directors under 42 U.S.C. § 1983, claiming that they were deliberately indifferent to a serious medical need – keloid scars – in violation of the Eighth Amendment. *See* 3:20-cv-00088-HLA-JBT, Doc. 1. The case remains pending against two of the Defendants.

The above lawsuit is attributable to LeBarr because it bears his DC# B12553. LeBarr did not disclose this earlier lawsuit in the initial or amended complaint filed in the present case.

LeBarr was required to disclose his prior lawsuit in response to Question IV(C) of the complaint form, because the suit related to the conditions of LeBarr's

---

[3] LeBarr's initial complaint was not filed on the court form, and did not disclose any prior litigation. *See* Doc. 1.

confinement. LeBarr's failure to disclose the prior lawsuit violates his duty of candor to this court.

### D. *Materiality of LeBarr's Omission*

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by

others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, LeBarr falsely responded to a question on the complaint form as detailed above. LeBarr knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL [CASES] MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Doc. 12 at 5. A penalty is warranted both to deter LeBarr from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr.*

*Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

**E.     *The Appropriate Sanction is Dismissal Without Prejudice***

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow LeBarr's false response to go unpunished. *See, e.g., Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing without prejudice prisoner's amended complaint for abuse of the judicial process; prisoner's amended complaint failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint). If LeBarr suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for LeBarr's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *Redmon*, 414 F. App'x at 226; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as

malicious, based on his failure to accurately disclose his prior litigation history");

*Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing LeBarr an opportunity to amend his complaint to disclose the additional lawsuit would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 9th day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**