UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DWAYNE LEBARR,**

    **Plaintiff,**

v.                                                     Case No.  5:21-cv-233-TKW-MJF

**FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,**

    **Defendants.**
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 20) and Plaintiff's objection (Doc. 25), as well as Plaintiff's "Motion for an Order Directed to the Department of Corrections" (Doc. 24). Each of these filings will be addressed in turn.

With respect to the Report and Recommendation and the objection, the Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on the review, the Court agrees with the magistrate judge's determination that this case is due to be dismissed based on Plaintiff's failure to fully disclose his litigation history. The Court did not overlook Plaintiff's argument that his failure to disclose the case identified in the

Report and Recommendation was not done deliberately or maliciously, but rather was a "simple mistake" based on Plaintiff's failure to carefully read the questions on the civil rights complaint form. However, even if that is true, the Court finds that a sanction is warranted to deter Plaintiff and others from carelessly filling out the civil rights complaint form, and under the circumstances, dismissal without prejudice is the appropriate sanction. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425 (11th Cir. July 1, 2022) (affirming dismissal of inmate's suit for failure to fully disclose his litigation history and rejecting inmate's argument that the litigation history questions on the civil rights complaint form were confusing); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (noting that inmates argument that he simply "forgot" to list a prior lawsuit "does not change the fact that [he] certified under penalty of perjury that his answers to the litigation history questions on the civil rights complaint form were true and correct"); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose his litigation history where his failure to do so was allegedly based on an "honest

mistake" because that "would amount to no penalty … and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form"); *Easley v. Inch*, 2019 WL 3774617, at *2 n.2 (N.D. Fla. Aug. 12, 2019) (noting that "it would make a mockery of the judicial process if a plaintiff was allowed to wait until after the magistrate ruled to fully disclose his or her litigation history").

With respect to the "Motion for an Order Directed to the Department of Corrections," the relief Plaintiff is seeking must be pursued through the inmate grievance process (not this Court) because he appears to be challenging the lien on his inmate trust account. That said, this Court's records reflect that payments of $93.00 (Doc. 16), $17.81 (Doc. 21), $28.00 (Doc. 22), and $20.00 (Doc. 23), have been made towards the filing fee—leaving a balance due of $191.19. Plaintiff may request copies of the receipts from the Clerk's office if necessary.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i) based on Plaintiff's failure to fully disclose his litigation history.

3. Plaintiff's "Motion for an Order Directed to the Department of Corrections" is **DENIED** without prejudice to any relief Plaintiff may have thought the inmate grievance process.

4. The Clerk shall close this case file.

**DONE and ORDERED** this 5th day of July, 2022.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**